IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEPHEN B. JONES, #363311 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. L-12-233 |
| CIRCUIT COURT FOR KENT COUNTY | * | |
| Respondent | * | |

\*\*\*

## MEMORANDUM

The Court-Ordered Supplemental Petition for Writ of Habeas Corpus was filed on February 22, 2012. ECF No. 4 and 5. Petitioner provides that he was found guilty in the Circuit Court for Kent County on April 13, 2010, and sentenced to 40 years on June 9, 2010.[1] He states a direct appeal with the Maryland Court of Special Appeals is still pending and he has not availed himself of any post-conviction review. ECF No. 4. Petitioner's Motion to Proceed in Forma Pauperis shall be granted. ECF No. 2.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. 28 U.S.C. § 2254(b) and (c); see also Preiser v. Rodriguez, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of

---

[1] Petitioner does not state the nature of his offense.

Appeals by way of a petition for writ of certiorari.  See Md. Cts. & Jud. Proc. Code Ann., § 12-201 and § 12-301.

If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals.  Md. Cts. & Jud. Proc. Code Ann., § 12-302(e).  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  Md. Cts. & Jud. Proc. Code Ann., § 12-202.  However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals.  Williams v. State, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals.  Md. Crim. Proc. Code Ann. § 7-109.  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  Md. Cts. & Jud. Proc. Code Ann., § 12-202.  However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals.  Williams, supra.  In the instant case, Petitioner is currently pursuing his direct appeal and has not yet begun post-conviction proceedings.

The Court appreciates Petitioner's stated concern regarding meeting the filing deadline for federal habeas corpus relief, but the instant petition has been filed prematurely and must be dismissed without prejudice.  Petitioner is reminded that the filing deadline for federal habeas corpus is one year from the date the conviction becomes final by virtue of final appellate review and that the filing deadline for federal habeas petitions is tolled (stops running) while properly filed actions for post-conviction relief are pending in the state court.  See 28 U.S.C. § 2244.

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  Rouse v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)).  Thus, a Certificate of Appealability shall be denied.  A separate Order follows.

March 8, 2012                                                                  /s/

_____
Benson Everett Legg
United States District Judge